## Louisville & N. R. Co. v. Mayhew et al.

May 4, 1948.

Rehearing denied June 22, 1948.

C. D. Carpenter, Craft & Stanfill, C. S. Landrum and C. E. Rice, Jr. for appellant.

Bailey P. Wootton and Don A. Ward for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The action was instituted by appellant against appellees to condemn a railroad right of way through land in Perry County, Kentucky, title to which was claimed by all of the individual appellees, and a mortgage on which was held by the corporate appellee, Citizens State

Bank. An appeal was perfected in the Circuit Court from the order of the County Court allowing $4500.00 as the value of tract No. 2, which is the only one affected by this appeal. The case was set for trial for the tenth day of October, 1946, at which time appellant suggested the deaths of the defendants, Marion Cornett, Jane Caudill, and Susan Beams, and moved the Court to continue the case until the action could be revived against the heirs of the deceased parties. The Court overruled the motion and entered upon the trial of the case, which resulted in a verdict for "the defendants," without naming them, in the sum of $9,000.00.

The first ground relied on for reversal, and the only one it is necessary or proper for us to consider, is that the Court erred in ordering the case to be tried before it was revived against the heirs of the deceased defendants. The record shows that the deceased defendants were claiming an interest in the tract of land in question. Whether these claimants had an interest in the land or not, they were entitled to their day in court, and upon their deaths their heirs succeeded to such right. Whatever interest, if any, the deceased had in the land descended to the heirs, and the taking of such interest in an action to which they were not made parties would be taking the property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States, and Sections 13 and 242 of the Constitution of Kentucky.

The judgment is reversed for proceedings not inconsistent with this opinion.